1

Honorable Marsha J. Pechman

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**
         **WESTERN DISTRICT OF WASHINGTON**
9                    **AT SEATTLE**

10
                                          Nos: 2:19-cv-00202-MJP
11  *IN RE CEDAR SHAKES & SHINGLES*
    *ANTITRUST LITIGATION*                      2:19-cv-00288-MJP
12
                                                2:19-cv-00784-MJP
13
                                                2:19-cv-00451-MJP
    This Documents Relates to:
14
                                                2:19-cv-00577-MJP
    Class Actions
15

16

17      **CLASS ACTION JOINT STATUS REPORT AND DISCOVERY PLAN**

18          Pursuant to the Court's Minute Entry directing "[t]he parties in the class action cases [to]

19  meet and confer and file a Joint Status Report within 45 days," (ECF No. 92 in 2:19-cv-00202),

20  Plaintiffs Jack L. Liebo ("Liebo"), Fraser Construction Company, Inc. ("Fraser"), Lloyd Evan

21  Bradow d/b/a Peninsula Contracting and Roofing ("Bradow"), and ZRD Group LLC ("ZRD", and

22  collectively with Liebo, Fraser, and Bradow, the "Class Plaintiffs") and Defendants Cedar Shake

23  & Shingle Bureau ("CSSB"), Waldun Forest Products, Ltd. ("Waldun"), Anbrook Industries Ltd.

24  ("Anbrook"), and G&R Cedar Ltd. ("G&R", and collectively with CSSB, Waldun, and Anbrook,

25  the "Defendants") by and through their undersigned counsel, respectfully submit this Joint Status

26  Report and Discovery Plan.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Because the parties have not been able to come to agreement on a number of items related to the proposed case schedule and discovery limits, the parties respectfully request an in-person or telephonic scheduling conference with the Court to discuss these issues.

I.    **NATURE AND COMPLEXITY OF THE CASES**

1.    *Class Plaintiffs*

Class Plaintiffs bring these actions on behalf of themselves individually and on behalf of three classes consisting of all similarly situated individuals and entities. The three classes, as defined in the Plaintiffs' initial complaints, are as follows:

- Underline: End Users: Plaintiffs Liebo and ZRD seek to represent a class of individuals and entities who purchased, in the United States from no later than February 27, 2015 through the present, cedar shakes and shingles ("CSS") for end use and not for resale that were manufactured by any Defendant or alleged co-conspirator;

- Indirect Purchasers for Resale: Plaintiff Fraser seeks to represent a class of individuals and entities who purchased, in the United States from at least as early as January 1, 2011 through the present, CSS for resale that were manufactured by any Defendant or alleged co-conspirator; and

- Direct Purchasers: Plaintiff Bradow seeks to represent a class of individuals and entities who purchased, in the United States from at least as early as January 1, 2011 through the present, Certi-Label™ CSS directly from any Defendant, alleged co-conspirator, or agent.

Class Plaintiffs allege that Defendants and their co-conspirators entered into an agreement to artificially fix, raise, maintain, or stabilize the price of CSS sold in the United States in violation of state and federal law. According to Class Plaintiffs, this illegal agreement was implemented and enforced through direct competitor-to-competitor communications and through the CSSB. As to the latter, Class Plaintiffs allege that Defendants Anbrook, Waldun, and G&R (collectively, the "Manufacturer Defendants") worked with and through Defendant CSSB to implement and enforce

CLASS ACTION JOINT STATUS REPORT
AND DISCOVERY PLAN (2:19-cv-00451-MJP)  - 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

their price fixing conspiracy in at least three ways: *first*, by changing CSSB's rules to ensure their control of the trade association; *second*, by agreeing to expel price discounters (*i.e.*, would be competitors) from the CSSB; and *third*, by adopting and strengthening the so-called "All or Nothing Rule," which prohibited CSSB members from producing or selling lower-priced CSS.

Class Plaintiffs are confident that their complaints—which include direct evidence of conspiracy from declarations made under penalty of perjury—more than survive the *Twombly* standard. Because the factual allegations underpinning each of Class Plaintiffs' claims are virtually the same, Class Plaintiffs believe that motions to dismiss, motions for class certification, and motions for summary judgment should proceed on the same schedule, but that separate trials are warranted. This is consistent with motion and trial practice in other antitrust class actions involving multiple classes of purchasers such as this one, and for good reason: staggered briefing such as that proposed by Defendants would force the Court and the parties to devote more time and more resources litigating the same issues multiple times over a longer period of time than if the briefing proceeded simultaneously.

### 2.    *Defendants*

Defendants believe that Class Plaintiffs' claims—virtually all of which are pled on information and belief—are meritless and will not survive Defendants' anticipated motion(s) to dismiss. To the extent any claims remain following those motions, Defendants submit that the complexity of these cases will be better known to the parties following the resolution of any motion(s) to dismiss. Defendants recognize that the Direct Purchaser class's claims are brought under the federal Sherman Act, while the Indirect Purchaser classes' claims are brought under the Sherman Act and more than fifty state antitrust and consumer protection laws. Given the substantially different legal theories between the claims in the Direct and Indirect Purchaser actions, Defendants submit that a staggered briefing schedule on motions to dismiss will best allow the Court to focus on the claims and issues unique to each class. Similarly, Plaintiffs appear to concede that each class will need to file separate motions for class certification, supported by

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

reports of different experts for each class, but insist that Defendants must respond to all three class certification motions, and the expert reports in support of all three, on the same timeline, rather than agreeing to a staggered schedule. This will result in nine briefs on three separate motions for class certification being noted for consideration on the same day, together with any briefing on related expert issues. For these reasons, and the reasons addressed in Part IV.G.1.b., below, Defendants believe that the issues raised by the complaints warrant separate briefs for motions to dismiss, motions for class certification, and separate trials.

**B.** **Proposed Deadline for Joining Additional Parties**

Class Plaintiffs and Defendants believe that absent good cause, the deadline for joining additional parties should be three (3) months before the close of fact discovery.

**1.** *Class Plaintiffs*

Class Plaintiffs believe that extension of this deadline may be warranted in the future for two reasons. First, Defendants Waldun and G&R appear to have numerous related corporate entities, and the relationship of these related corporate entities to the presently-named Defendants and the alleged co-conspirators is unknown. Counsel for these Defendants has thus far been unable to answer certain questions about these entities and their relationship to the Defendants or their alleged co-conspirators, thus forcing Class Plaintiffs to seek discovery on whether any of these other entities need to be joined as parties. Second, given the number of potential additional defendants that further factual discovery may reveal, as well as the fact that Defendants may make substantial document productions up to eve of the close of fact discovery, Class Plaintiffs believe flexibility on the time to add additional parties may be necessary.

**2.** *Defendants*

Defendants do not believe that extensions on the time to add additional parties will be warranted. Defendants are working to gather information regarding potentially related entities and will not contest an amendment to add additional parties within the same corporate family of Defendants.

LAW OFFICES OF
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

CLASS ACTION JOINT STATUS REPORT
AND DISCOVERY PLAN (2:19-cv-00451-MJP) - 4

## II.     CONSENT TO PROCEEDING BEFORE MAGISTRATE JUDGE.

The parties do not consent to proceeding before a magistrate judge.

## III.    ALTERNATIVE DISPUTE RESOLUTION.

The parties are willing to engage in mediation or other alternative dispute resolution as the Court deems appropriate.

## IV.     DISCOVERY PLAN PURSUANT TO RULE 26(F)(3)

The parties held conferences pursuant to Federal Rule of Civil Procedure 26(f) via telephone on June 12, 14, and 18, 2019. The parties' respective positions on the Rule 26(f)(3) topics are set forth below.

## A.     Timing of Rule 26(a) Disclosures (Rule 26(f)(3)(A))

While initial disclosures were previously exchanged in the End User action, the parties agree that they will exchange amended initial disclosures on June 28, 2019. In addition, the parties agreed in their *Stipulation and Proposed Order Concerning Agreement Regarding Discovery of Electronically Stored Information* (the "ESI Order") to make certain ESI disclosures. The parties agree that they will also exchange these ESI disclosures on June 28, 2019.

## B.     Subjects, Timing, and Phasing of Discovery (Rule 26(f)(3)(B))

### 1.     *Subjects*

#### a.     Class Plaintiffs

Class Plaintiffs will be seeking discovery concerning a wide variety of topics typical in antitrust cases, including evidence of competitor contacts; analyses and reports concerning the cedar market; data regarding pricing, cost, and production information; and various other documents relating to their antitrust claims.

#### b.     Defendants

Defendants will be seeking discovery relating to class certification and damages issues, and various other issues related to the defense they assert in their answers. Notwithstanding the foregoing, Defendants expect that the scope and topics for discovery will depend on any ruling on

CLASS ACTION JOINT STATUS REPORT
AND DISCOVERY PLAN (2:19-cv-00451-MJP) - 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Defendants' forthcoming motion(s) to dismiss, as such a ruling would potentially eliminate Class Plaintiffs' claims or limit their scope.

      **2.**    *Timing*

The parties agree that discovery will commence on the schedule set forth below in Part F.2, with fact discovery in the Class Actions beginning on June 28, 2019 and that no fact discovery will be permitted after August 20, 2020 without leave of Court or agreement of the parties.

The parties agree that the deadline for filing the motion for class certification set forth in Local Civil Rule 23(3) should not apply, that expert discovery should follow the close of fact discovery, and that fact discovery should not be bifurcated between "class" and "merits" stages. Class Plaintiffs and Defendants have made proposals for the timing of expert discovery, motions for class certification, and motions for summary judgment in Part IV.F.2, below.

**C.**    **Electronically Stored Information (Rule 26(f)(3)(C))**

The parties have agreed to an ESI Order that governs the disclosure, discovery, preservation, and forms of production for ESI in the Class Actions.

**D.**    **Privilege Issues (Rule 26(f)(3)(D))**

The parties' agreed ESI Order (Part 9) contains the procedure, scope, and timing for the assertion, logging, and clawback of privileged documents.

**E.**    **Discovery Limits (Rule 26(f)(3)(E))**

The parties agree that it is necessary to enlarge the limits imposed on the scope of discovery by this Court's Local Civil Rules but disagree as to the degree of this enlargement as to some forms of discovery. The parties' respective proposals as to each form of discovery are set forth below.

      **1.**    *Interrogatories*

      **a.**    **Class Plaintiffs**

Class Plaintiffs propose the following interrogatory limits:

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

- Defendants collectively may serve up to forty (40) interrogatories concerning issues common to the Class Plaintiffs, of which no more than twenty-five (25) may be contention interrogatories. Defendants collectively may also serve an additional five (5) interrogatories on each Class Plaintiff concerning issues unique to that Class Plaintiff.

- Class Plaintiffs may collectively serve up to forty (40) interrogatories concerning issues common to all Defendants. Class Plaintiffs collectively may also serve an additional five (5) interrogatories on each Defendant concerning issues unique to the Defendant.

   **b.      Defendants**

- Defendants collectively may serve up to twenty-five (25) interrogatories concerning issues common to the Plaintiffs in the Class Actions, of which no more than fifteen (15) may be contention interrogatories. Defendants collectively may also serve an additional five (5) interrogatories on each Plaintiff concerning issues unique to that Plaintiff.

- Plaintiffs in the Class Actions may collectively serve up to twenty-five (25) interrogatories concerning issues common to all Defendants. Class Plaintiffs collectively may also serve an additional five (5) interrogatories on each Defendant concerning issues unique to the Defendant.

**2.      *Document Requests***

The parties agree that their ESI Order will govern the permissible scope of document requests and productions in the Class Action.

**3.      *Requests for Admission***

   **a.      Class Plaintiffs**

Class Plaintiffs propose as follows:

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

CLASS ACTION JOINT STATUS REPORT
AND DISCOVERY PLAN (2:19-cv-00451-MJP)  - 7

- Defendants collectively may serve up to forty (40) requests for admission concerning issues common to the Class Plaintiffs and may collectively serve five (5) additional requests for admission on each Class Plaintiff concerning issues unique to that Class Plaintiff; excluded from these limits are requests for admission relating to establishing the admissibility of a document under the Federal Rules of Evidence.

- Class Plaintiffs in the Class Actions may collectively serve up to forty (40) requests for admission concerning issues common to all Defendants and may collectively serve five (5) requests for admission on each Defendant concerning issues unique to the Defendant; excluded from these limits are requests for admission relating to establishing the admissibility of a document under the Federal Rules of Evidence.

   **b.    Defendants**

Defendants propose as follows:

- Defendants collectively may serve up to twenty-five (25) requests for admission concerning issues common to the Plaintiffs in the Class Actions and may collectively serve five (5) additional requests for admission on each Class Plaintiff concerning issues unique to that Class Plaintiff; excluded from these limits are requests for admission relating to establishing the admissibility of a document under the Federal Rules of Evidence.

- Plaintiffs in the Class Actions may collectively serve up to twenty-five (25) requests for admission concerning issues common to all Defendants and may collectively serve five (5) requests for admission on each Defendant concerning issues unique to the Defendant; excluded from these limits are requests for admission relating to establishing the admissibility of a document under the Federal Rules of Evidence.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

4.    *Depositions*

The parties agree (1) that an enlargement of the deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i) is warranted; (2) that regardless of the number of 30(b)(1) party depositions permitted by the Court, that the deposition limits do not include a cap on non-party depositions, or expert depositions; (3) that an hour limit per party is appropriate for 30(b)(6) depositions, and that any 30(b)(6) depositions do not count against the deposition cap but the time for 30(b)(6) depositions is addressed separately below; and (4) that any party should be allowed to take additional depositions either by agreement of the parties or leave of the Court on good cause shown. The parties' respective positions as to the number of 30(b)(1) depositions and hour cap for 30(b)(6) depositions are set forth below.

a.    <u>Class Plaintiffs</u>

Class Plaintiffs propose as follows:

- The number of Rule 30(b)(1) depositions permitted for Class Plaintiff and Defendants should be decided once discovery requests have been served and document custodians agreed upon, because prior to that point in time, the parties do not have sufficient information to determine the number of fact depositions needed to obtain necessary testimony.

- To the extent the Court is inclined to enter a fact deposition limit at this time, Defendants' proposed limit of 20 (twenty) Rule 30(b)(1) depositions *in the aggregate* should be rejected. As an initial matter, Defendants have hundreds of employees, and Class Plaintiffs have already identified roughly 15 (fifteen) Manufacturer Defendant-affiliated witnesses and roughly 90 (ninety) CSSB-affiliated witnesses that they believe may have information relevant to their claims *prior to taking any discovery*; Class Plaintiffs intend to provide a list of these individuals in their initial disclosures, as required by Rule 26. Moreover, this proposal contravenes the proportionality standards set forth in Rule 26 –

LAW OFFICES OF
McNaul Ebel Nawrot & Helgren pllc
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Defendants are the largest manufacturers of cedar shakes & shingles in the world and are alleged to have engaged in a nearly 10-year long price fixing conspiracy – and would effectively limit Class Plaintiffs to only taking 5 fact depositions per Defendant. This is far fewer than what should be permitted in this case given the breadth and nature of Class Plaintiffs' claims. *See* Order, ECF No. 495, in *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670 (S.D. Cal. Sept. 26, 2017) (setting a cap of 20 depositions per defendant group, and a collective cap of 60 depositions across all defendants); Deposition Protocol Order at 3-4, ECF No. 315 in *In re Automotive Parts Antitrust Litig.,* No. 12-md-02311 (E.D. Mich. June 30, 2015) (permitting plaintiffs to take up to fifteen depositions of each defendant group); Case Management and Discovery Order No. 8 at 7, ECF No. 372 in *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000 (N.D. Ala. June 4, 2015) (permitting each side to take 100 depositions, totaling no more than 850 hours); *In re Takata Airbag Prod. Liab. Litig.*, No. 15-2599, 2016 WL 5844311, at *2 (S.D. Fla. Sept. 8, 2016) (recognizing "that setting hard limits at this time would be premature" and allowing plaintiffs to take 10 depositions per defendant – 80 total – and the ability to ask for more depositions as the case progresses). Plaintiffs are aware of no antitrust class action that capped the parties at 20 fact depositions.

- As to 30(b)(6) depositions and as noted above, Class Plaintiffs' investigation has revealed that there are multiple Waldun and G&R entities that could potentially be Defendants in this action, and thus far, Defendants have been unable to provide certain information about these entities and their relationship to the already-named Defendants. This requires Class Plaintiffs to seek discovery on these issues, and Defendants' proposal of 14 hours is unlikely to be sufficient time to fully flush out Defendants' corporate structures in addition to all of the other 30(b)(6) topics. Class Plaintiffs should therefore be permitted at least 28 hours of 30(b)(6)

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

deposition time for each Defendant. *See In re Takata Airbag Prod. Liab. Litig.*, 2016 WL 5844311, at *2 (setting 28 hours of 30(b)(6) testimony per defendant as "the starting point" and permitting plaintiffs to ask for additional time if needed).

### b.   **Defendants**

Defendants are a trade association that lists seven employees on its website (including its lead accountant, member services coordinator, and administrative coordinator and its three national field staff), and three small closely-held mill operations. They are not the global billion-dollar corporations, with thousands of employees, as were the defendants in the *Takata*, *Packaged Seafoods*, and *Automotive Parts* cases cited by Plaintiffs to support their claimed need for hundreds of hours of depositions. Plaintiffs claim that they have identified "roughly 15 Manufacturer Defendant-affiliated witnesses and roughly 90 CSSB-affiliated witnesses that they believe have information relevant to their claims," but they have not identified those alleged witnesses to Defendants. If the witnesses are not CSSB or Manufacturer-Defendant employees or directors, they would not count against any cap on party depositions. Additionally, Plaintiffs argue that they require 14 additional hours of Rule 30(b)(6) deposition time per defendant in light of questions about Waldun and G&R's corporate structures. Waldun and G&R are working to provide responses to those questions, and in any event, those questions would not necessitate the additional time Plaintiffs demand, particularly with respect to CSSB and Anbrook, for which Plaintiffs do not claim to have questions about their corporate structures. Defendants propose as follows:

- Class Plaintiffs, collectively, be limited to 14 hours per Defendant for Rule 30(b)(6) depositions.

- Class Plaintiffs, collectively, be limited to twenty (20) single-day Rule 30(b)(1) depositions of defendant witnesses, including CSSB Board members.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

- Defendants, collectively, be limited to 14 hours per named Plaintiff for Rule 30(b)(6) depositions, or Rule 30(b)(1) depositions for individual (non-corporate) Plaintiffs.

- Defendants, collectively, should be limited to twenty (20) single-day Rule 30(b)(1) depositions of Plaintiffs' witnesses.

**F.     Need for Other Orders (Rule 26(f)(3)(F))**

The parties are currently negotiating a Protective Order, Case Management Order, Deposition Protocol, and Expert Stipulation, all of which they expect to submit to the Court shortly.

In addition, the parties agree that the Expedited Joint Motion Procedure pursuant to Local Civil Rule 37(a)(2) be used to resolve discovery disputes.

**G.     Rule 16(b) Scheduling Order**

The parties respectfully request that the Court enter a scheduling order for the Class Actions. The parties reserve the right to seek amendment of the schedule for good cause.

The parties' respective proposed deadlines are set forth below.

| # | Event | Action(s) | Class Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|---|---|
| 1 | ESI Disclosures | All | 6/28/2019 | |
| 2 | Initial Disclosures (FRCP 26(a)(1)) | All | 6/28/2019 | |
| 3 | Service of Amended Complaints | All | 6/28/2019 | |
| 4 | First Day for Service of Discovery Requests | All | 6/28/2019 | |
| 5 | Defendants' Answer in Lieu of MTD | All | 8/2/2019 | |
| 6 | Agreement on Search Terms/Methodology | All | 8/23/2019 | |
| 7 | Defendants' Motions to Dismiss | All | 8/2/2019 | n/a |
| | | Direct | n/a | 8/2/2019 |
| | | Indirect | n/a | 8/16/2019 |
| 8 | Plaintiffs' Responses to Motions to Dismiss | All | 8/30/2019 | n/a |
| | | Direct | n/a | 8/30/2019 |

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

CLASS ACTION JOINT STATUS REPORT
AND DISCOVERY PLAN (2:19-cv-00451-MJP) - 12

| | | | | |
|---|---|---|---|---|
| | | Indirect | n/a | 9/13/2019 |
| 9 | Defendants' Replies in Support of Motions to Dismiss | All | 9/13/2019 | n/a |
| | | Direct | n/a | 9/13/2019 |
| | | Indirect | n/a | 9/27/2019 |
| 10 | Substantial Completion of Document Productions | All | 2/25/2020 | |
| 11 | Close of Fact Discovery | All | 8/20/2020 | |
| 12 | Motions for Class Certification and Opening Expert Reports | All | 9/17/2020 | n/a |
| | | Direct | n/a | 9/28/2020 |
| | | Reseller | n/a | 10/26/2020 |
| | | End User | n/a | 11/30/2020 |
| 13 | Deadline for Expert(s) Deposition(s) | All | 10/8/2020 | n/a |
| | | Direct | n/a | 10/23/2020 |
| | | Reseller | n/a | 11/20/2020 |
| | | End User | n/a | 12/18/2020 |
| 14 | Defendants' Responses to Motions for Class Certification, Rebuttal Expert Report(s), and Daubert Motion(s) | All | 11/2/2020 | n/a |
| | | Direct | n/a | 11/16/2020 |
| | | Reseller | n/a | 12/14/2020 |
| | | End User | n/a | 2/1/2021 |
| 15 | Deadline for Rebuttal Expert(s) Deposition(s) | All | 11/23/2020 | n/a |
| | | Direct | n/a | 12/11/2020 |
| | | Reseller | n/a | 1/13/2021 |
| | | End User | n/a | 2/26/2021 |
| 16 | Replies in Support of Class Certification and Responses to Any Daubert Motion(s) on Initial Expert Reports, and Deadline for Daubert Motions Related to Rebuttal Expert Reports | All | 12/16/2020 | n/a |
| | | Direct | n/a | 1/8/2021 |
| | | Reseller | n/a | 2/5/2021 |
| | | End User | n/a | 3/12/2021 |
| 17 | Sur-Rebuttal Expert Reports | All | 12/16/2020 | n/a |
| 18 | Deadline for Sur-Rebuttal Expert(s) Deposition(s) | All | 12/30/2020 | n/a |
| 16A | Responses to Any Daubert Motion(s) on Rebuttal Expert Reports | All | 1/7/2021 | n/a |
| | | Direct | n/a | 1/29/2021 |
| | | Reseller | n/a | 2/26/2021 |
| | | End User | n/a | 4/4/2021 |
| 19 | Last Day to File Summary Judgment Motions[1] | All | 1/7/2021 | 4/5/2021 |
| 20 | Parties to Agree on Class Notice & Submit to Court for Approval | All | 2/26/2021 | 5/17/2021 |

---

[1] If any party files a dispositive motion prior to this deadline, the timing for the motion shall be governed by the Court's Local Rules or by agreement of the parties or Order of the Court.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

CLASS ACTION JOINT STATUS REPORT
AND DISCOVERY PLAN (2:19-cv-00451-MJP)  - 13

| 21 | Class Notice to Start | All | 3/29/2021 | 6/14/2021 |
| 22 | Class Notice To Be Completed | All | 4/23/2021 | 7/30/2021 |
| 23 | Start of Trials | All | 7/26/2021 | 9/27/2021 |

      **1.**     *Contemporaneous Briefing*

      **a.**    <u>**Class Plaintiffs**</u>

Defendants' proposal to have staggered briefing on motions to dismiss, class certification, and summary judgment is inconsistent with this Court's direction at the initial status conference that the parties should avoid duplicative briefing and with the standard practice in antitrust cases involving multiple classes of purchasers. *See* Order at 2, ECF No. 143, *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670 (S.D. Cal. May 12, 2016) (setting the same motion to dismiss briefing schedule for three classes of plaintiffs: direct purchasers, indirect purchasers, and indirect purchaser end payers); Order, ECF No. 166, in *id.* (setting the same class certification and summary judgment schedule for three classes of plaintiffs); Management Order at 2, ECF No. 61 in *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 12-md-2343 (E.D. Tenn. Oct. 31, 2012) (setting the same schedule for motion to dismiss, class certification, and summary judgment motions for three classes: direct purchasers, indirect purchasers for resale, and end payors); March 12, 2012 Transcript at 11:5-17, ECF No. 117 *in In re LIBOR Based Financial Instruments Antitrust Litig.*, No. 11-md-2262 (S.D.N.Y. Mar. 12, 2012) (ordering defendants to file their motions to dismiss against multiple classes at the same time and defense counsel representing that "the common issues, we expect that will be the bulk, we would file a joint brief or briefs"); Joint Discovery Scheduling Order at 2, ECF No. 1327 in *id.* (setting the same schedule for class certification briefing across multiple classes); Fourth Am. Scheduling Order, ECF No. 2392 in *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000 (N.D. Ala. March 8, 2019) (setting the same schedule class certification and summary judgment briefing as between multiple purchaser classes).

The reason for this is perhaps best demonstrated by a simple "eye test" on Defendants' proposed schedule above: it is needlessly duplicative and complex and will substantially increase

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    the amount of time and resources the parties and the Court will need to commit to this matter. For

2    example, under Defendants' proposal, the DPP reply brief for class certification would be due

3    January 8, 2021—almost a month before Defendants' response for the End Users' class

4    certification motion is due. The staggered briefing Defendants propose, in other words, would

5    impose a heavy logistical and administrative burden on the Court and the parties, and it would give

6    Defendants an unfair advantage on a motion for which Plaintiffs bear the burden.

7            To the extent Defendants wish to file a brief that applies across all of the class cases, Class

8    Plaintiffs would have no objection to working with Defendants on a page limit extension;[2] indeed,

9    this is what is typically done in antitrust cases involving multiple levels of purchasers so that the

10   parties can minimize the number of briefs and the number of pages being submitted to the Court.

11           The Court should therefore enter a schedule that sets the same time for the parties to make

12   their dismissal, class certification, and summary judgment motions.

13           **b.    Defendants**

14           Defendants understood that the Court's direction to the parties was meant to avoid

15   duplicative briefing, which Defendants appreciate and intend to abide. But the different classes in

16   these cases present distinct issues that require separate briefing. For example, the direct purchaser

17   plaintiffs bring their claims under the federal Sherman Act, while the two Indirect Purchaser

18   classes bring their claims under the Sherman Act and fifty-plus state antitrust and consumer

19   protection laws. And on class certification, the classes' claims to separate damages will involve

20   distinct and conflicting damages theories, as each class will have to contend that it paid some or all

21   of the alleged overcharge, or that upstream classes passed on any overcharge to downstream

22   payors. For example, the End User Plaintiffs will likely contend that the Direct Purchaser Plaintiffs

23   and the Reseller Plaintiffs passed on all of the overcharge to the End Users, while the Reseller

24   _____

[2]       For example, Class Plaintiffs would have no objection to agreeing to the following page limits for the motion
25   to dismiss briefing: Defendants' motion to dismiss – 70 pages; Class Plaintiffs' response – 70 pages; Defendants'
     reply – 30 pages (175 total pages). The Local Rules would permit Defendants a total of 72 pages for their motions,
26   Plaintiffs a total of 72 pages for their responses, and Defendants a total of 36 pages for their replies (180 total pages).
     *See* LCR 7(e)(3). Thus, Plaintiffs' motion to dismiss briefing proposal would result in a total of 3 briefs being
     submitted to the Court (instead of 9) with fewer total pages than if there was separate briefing.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

CLASS ACTION JOINT STATUS REPORT
AND DISCOVERY PLAN (2:19-cv-00451-MJP)  - 15

1  Plaintiffs will likely contend that they absorbed some of the overcharge and did not pass it on to the

2  End Users. By contrast, the issue of pass-through will not be relevant in the Direct Purchaser

3  action.  The briefing by all parties will require separate expert reports, separate class certification

4  motions, and separate Daubert briefing. Moreover, Plaintiffs agree that separate trials for each

5  class are warranted. *See* Part V.C. below.

6      Plaintiffs do not seem to contest that the issues will diverge among the classes, but insist

7  that the deadlines for motions to dismiss and class certification be the same across all three classes.

8  In addition to creating an unmanageable volume of briefing for the Court to contend with at one

9  time, Plaintiffs' proposal would also be unduly burdensome for Defendants, whose motions to

10 dismiss will need to address four complaints with 159 causes of action totaling more than 300

11 pages (even before Plaintiffs have amended, as they have stated they will). The Classes will also

12 have distinct, and divergent, theories of harm and damages to address during class certification and

13 dispositive motions.

14     Class Plaintiffs collectively have at least thirty-one attorneys who have appeared in these

15 cases and forty-one attorneys on their email service list. CSSB has four attorneys who have

16 appeared in these cases, and each company defendant has between one and three attorneys, and

17 counsel for each party (with the exception of G&R) must represent their clients in all three classes

18 and the S&W case (17-cv-0202). In other words, Plaintiff's proposal appears intended to flood

19 Defendants (and the Court) and hamstring Defendants' ability to properly represent their clients in

20 these cases.

21     The staggered briefing schedule proposed by Defendants has been used by other courts in

22 similar class actions. *See*, *e.g.*, *In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-2002 (E.D.

23 Pa.) Dkt. No. 676 (setting separate schedules for direct and indirect purchaser class certification

24 motions). By contrast, the cases that Plaintiffs cite for a single schedule are all MDLs that have

25 been centralized for coordinated or consolidated pretrial purposes, with months between the initial

26 filing of the complaints and the JPML's centralization for coordination or consolidation of the

LAW OFFICES OF
MᶜNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

CLASS ACTION JOINT STATUS REPORT
AND DISCOVERY PLAN (2:19-cv-00451-MJP)  - 16

cases, followed by the transferee Court's determination of a case schedule. This Court has *not* consolidated these cases, and Plaintiffs' examples are simply not analogues to the cases before this Court. Moreover, the cases on which Plaintiffs rely in support of their request for a single motion to dismiss deadline resulted in motions to dismiss extending well over this Court's presumptive page limitation. *See In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670, Dkt. 207 (S.D. Cal.) (Memorandum in support of motion to dismiss of 135 pages); *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 12-md-2343 (E.D. Tenn.) Dkt. 84 (Memorandum in support of motion to dismiss of 65 pages). Defendants understand that, under the Local Rules and the practice in this District, page limits are strictly enforced and requests for additional pages are not automatically granted. In any event, it remains unclear whether Plaintiffs' position contemplates a single, omnibus brief at the motion to dismiss or class certification stage, or whether they simply demand that CSSB address all issues across all three cases on the same compressed timeline.

The parties agree that the close of discovery should be set at August 20, 2020, and agree that the deadline for bringing discovery motions should not be altered from the deadline set by LCR 16(b)(3).

## 2. *Sur-Rebuttal Expert Reports*

### a. <u>Class Plaintiffs</u>

Defendants attempt to eliminate the ability of a party's <u>already-named</u> experts (*i.e.*, those that submitted an opening report) from preparing sur-rebuttal reports to respond to the opposing parties' expert(s)' rebuttal report(s) or any *Daubert* challenges. However, sur-rebuttal expert reports are common practice, especially in class actions, and should be permitted here. *See, e.g.*, *Houle v. Jubilee Fisheries, Inc.*, No. C04-2346JLR, 2006 WL 27204, at *2 n.4 (W.D. Wash. Jan. 5, 2006) ("Ordinarily, if expert B rebuts expert A, expert A will be able to address the defects in expert B's testimony."); *Alfen v. Toyota Motor Sales, U.S.A., Inc.*, No. 8:10-ml-02141-JVS, 2012 WL 12930737, at *3 (C.D. Cal. Nov. 9, 2012) (allow sur-rebuttal expert reports and stating: "Plaintiffs convincingly argue that the sur-rebuttal reports are within the permissible scope of

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1  rebuttal expert reports" because "the sur-rebuttal reports address issues raised by [the opposing

2  party's] rebuttal expert reports"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No.

3  14-CV-2058-SC, 2015 WL 4451579, at *4 (N.D. Cal. July 20, 2015) (permitting a sur-rebuttal

4  report where it did not submit new evidence but instead rebutted the other party's expert);

5  *Louisiana Health Care Self Ins. Fund v. United States*, No. CIV.A. 12-766-JJB, 2014 WL

6  3720526, at *2 (M.D. La. July 25, 2014) (permitting a sur-rebuttal report where the opposing party

7  had an opportunity to depose the expert both before and after his sur-rebuttal report).[5]

8           **b.     Defendants**

9           Plaintiffs' case cited above, *Houle v. Jubilee Fisheries, Inc.*, noted (in the same footnote

10  that Plaintiffs cite) that "the federal rules do not contemplate 'sur-rebuttal' experts." No.

11  C04-2346JLR, 2006 WL 27204, at *2 n.4 (W.D. Wash. Jan. 5, 2006); *see also Coward v. Forestar

12  Realty, Inc.*, 282 F. Supp. 3d 1317, 1331 (N.D. Ga. 2017) ("Generally, sur-rebuttal reports are

13  prohibited or require prior permission from the court. *Louisiana Health Care Self Ins. Fund v.

14  United States*, Civil Action No. 12-766-JJB-RLB, 2014 WL 3720526, at *1 (M.D. La. July 25,

15  2014) (noting that Rule 26(a)(2)(D)(ii) did not grant a right to file a sur-rebuttal, stating the Rule

16  did not prohibit sur-rebuttal reports, and observing that 'a party wishing to provide a sur-rebuttal

17  must first seek leave of Court') (collecting cases); *Carroll v. Allstate Fire & Cas. Ins. Co.*, Civil

18  Action No. 12-CV-00007-WJM-KLM, 2013 WL 3810864, at *6 (D. Colo. July 22, 2013)

19  ('Sur-reply expert disclosures are not anticipated by the Federal Rules of Civil Procedure, this

20  Court's Local Rules, or the Scheduling Order.')."); *Rothenberg v. Standard Ins. Co.*, No.

21  11-CV-01906-WYD-KMT, 2012 WL 2126846, at *2 (D. Colo. June 12, 2012) ("Despite

22  Plaintiff's protestations that Defendant will be afforded "the last word concerning issues on which

23  Plaintiff bears the burden of proof," the court will not permit Plaintiff to disclose rebuttal expert

---

[5] Defendants' other cases are readily distinguishable. In *Coward*, *Rothenberg*, and *EEOC*, the scheduling orders did not provide for the parties to file sur-rebuttal reports, *see Coward*, 282 F. Supp. 3d at 1331; *Rothenberg*, 2012 WL 2126846, at *2, *EEOC*, 2016 WL 3078719, at *3; Class Plaintiffs are seeking a scheduling order that permits the parties to do so. In *Caroll*, the party offered an entirely new expert to address the opinions contained in the opposing party's rebuttal expert report. 2013 WL 3810864, at *5.

CLASS ACTION JOINT STATUS REPORT
AND DISCOVERY PLAN (2:19-cv-00451-MJP) - 18

LAW OFFICES OF
MᴄNᴀᴜʟ Eʙᴇʟ Nᴀᴡʀᴏᴛ & Hᴇʟɢʀᴇɴ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

disclosures responsive to Defendant's rebuttal expert disclosures. The court finds that Federal Rule 26(a)(2) permits affirmative expert disclosures and rebuttal expert disclosures; it does not permit parties to further rebut rebuttal expert disclosures. *See* Fed.R.Civ.P. 26(a)(2)(A)."); *Equal Employment Opportunity Comm'n & Abade*, No. 10-CV-02103-PAB-KLM, 2016 WL 3078719, at *3 (D. Colo. May 6, 2016) (same). This case does not warrant the extra layer of sur-rebuttal reports designed simply to permit Plaintiffs' experts to get the "last word."

## V.   TRIAL

### A.   Pretrial Statements

The dates for the parties to exchange the pretrial statements and the agreed pretrial order required by the Local Civil Rules are set forth above.

### B.   Jury Trial

Each of the Class Plaintiffs has requested a jury trial.

### C.   Length of Trial

The parties believe it is too early to specify precisely how many days of trial will be required, but the parties expect a 2–3 week trial for each class case is likely given the antitrust claims alleged in these matters.

### D.   Trial Counsel

The names, addresses, and telephone numbers of all trial counsel known at this time are listed below as undersigned counsel.

### E.   Trial Date Conflicts

At this time trial counsel are not aware of any dates that would pose complications to be considered in setting a trial date at this time.

## VI.   OTHER MATTERS

### A.   Service

All Defendants agree to accept service in all cases upon filing of this Joint Status Report, and that service has been effected on all Defendants in all cases.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**B.**     <u>**Scheduling Conference**</u>

The parties respectfully request a scheduling conference on the issues in dispute in this Joint Status Report.

**C.**     <u>**Disclosure Statements.**</u>

     **a.**     <u>**Class Plaintiffs**</u>

Plaintiffs Fraser and ZRD have filed corporate disclosure statements. The other Plaintiffs are individuals and not required to file corporate disclosure statements.

     **b.**     <u>**Defendants**</u>

Each Defendant has filed a corporate disclosure statement in each of the Class Actions.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    DATED: June 28, 2019

2

| **TOUSLEY BRAIN STEPHENS PLLC** | **BURNS CHAREST LLP** |
|---|---|
| By: *s/ Kim D. Stephens* | By: *s/ Christopher J. Cormier* |
| Kim D. Stephens, WSBA #11984 | Christopher J. Cormier |
| Jason T. Dennett, WSBA #30686 | 5290 Denver Tech Center Pkwy., Suite 150 |
| Kaleigh N. Powell, WSBA #52684 | Greenwood Village, Colorado 80111 |
| 1700 Seventh Avenue, Suite 2200 | Phone: (720) 630-2092 |
| Seattle, WA 98101 | Email: ccormier@burnscharest.com |
| Phone: (206) 682-5600 | |
| Email: kstephens@tousley.com | Warren T. Burns; Will Thompson; |
|        jdennett@tousley.com | Spencer Cox / BURNS CHAREST LLP |
|        kpowell@tousley.com | 900 Jackson Street, Suite 500 |
| | Dallas, Texas 75201 |
| Paul Gallagher; James J. Pizzirusso | Phone: (469) 904-4550 |
| Nathaniel C. Giddings / HAUSFELD LLP | Email: wburns@burnscharest.com |
| 1700 K. St., NW, Suite 650 |        wthompson@burnscharest.com |
| Washington, DC 20006 | |
| Phone: 202-540-7200 | Lydia Wright /  BURNS CHAREST LLP |
| Email: pgallagher@hausfeld.com | 65 Canal Street, Suite 1170 |
|        jpizzirusso@hausfeld.com | New Orleans, Louisiana 70130 |
|        ngiddings@hausfeld.com | Phone: (504) 799-2845 |
| | Email: lwright@burnscharest.com |
| Bonny Sweeney; Samantha Stein | |
| HAUSFELD LLP | Keith Dubanevich / STOLL BERNE |
| 600 Montgomery Street, Suite 3200 | 209 Oak Street, Suite 500 |
| San Francisco, CA 94111 | 210 Portland, Oregon 97204 |
| Phone: 415-633-1908 | Phone: (503) 227-1600 |
| Facsimile: 415-217-6813 | Email: tdejong@stollberne.com |
| Email: bsweeney@hausfeld.com |        kdubanevich@stollberne.com |
|        sstein@hausfeld.com | |
| | *Interim Co-Lead Counsel for the Proposed* |
| Larry D. Lahman; Roger L. Ediger | *Reseller Indirect Purchaser Plaintiff Classes* |
| MITCHELL DeCLERCK | |
| 202 West Broadway Avenue | Gregory J. Hollon |
| Enid, Oklahoma 73701 | McNAUL EBEL NAWROT & HELGREN |
| Phone: 580-234-5144 | 600 University Street, Suite 2700 |
| Fax: 580-234-8890 | Seattle, Washington 98101 |
| Email: larry.lahman@sbcglobal.net | Phone: (206) 467-1816 |
|        rle@mdpllc.com | Email: ghollon@mcnaul.com |
| | |
| *Attorneys for Plaintiff Lloyd Evan Bradow* | *Liaison Counsel for the Proposed Reseller* |
| *d/b/a Peninsula Contracting and Roofing* | *Indirect Purchaser Plaintiff Classes* |

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

CLASS ACTION JOINT STATUS REPORT
AND DISCOVERY PLAN (2:19-cv-00451-MJP)  - 21

George Farah
HANDLEY FARAH ANDERSON
81 Prospect Street
Brooklyn, NY 11201
Phone: (212) 477-8090
Email: gfarah@hfajustice.com

*Additional Counsel for Proposed Reseller
Indirect Purchaser Plaintiff Classes*

| | |
|---|---|
| **KELLER ROHRBACK L.L.P.** | **LANE POWELL PC** |

By: *s/ Raymond J. Farrow*

Mark A. Griffin, WSBA #16296
Raymond J. Farrow, WSBA #31782
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Phone: (206) 623-1900
Email: mgriffin@kellerrohrback.com
        rfarrow@kellerrohrback.com

W. Joseph Bruckner (MN#0147758)
Elizabeth R. Odette (MN#0340698)
Brian D. Clark (MN#00390069)
Arielle S. Wagner (MN#00398332)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
Email: wjbruckner@locklaw.com
        erodette@locklaw.com
        bdclark@locklaw.com
        aswagner@locklaw.com

Nathan D. Prosser (MN#0329745)
Anne T. Regan (MN#0333852)
Michael P. Srodoski (MN#0398250)
HELLMUTH & JOHNSON, PLLC
8050 West 78th Street
Minneapolis, MN 55439
Phone: (952) 941-4005
Email: nprosser@hjlawfirm.com
        aregan@hjlawfirm.com
        msrodoski@hjlawfirm.com

By: */s/ Heidi B. Bradley*

Heidi B. Bradley, WSBA #35759
Larry S. Gangnes, WSBA #08118
Joseph D. Adamson, WSBA #54752
Jessica N. Walder, WSBA #47676
1420 5th Avenue, Suite 4200
PO Box 91302
Seattle, WA  98111
Phone: (206) 223-7000
Fax: (206) 223-7107
Email: adamson@lanepowell.com
        walderj@lanpowell.com
        gangnesl@lanepowell.com
        howenstined@lanepowell.com

*Attorneys for Defendant Cedar Shake &
Shingle Bureau*

**STOKES LAWRENCE P.S.**

By: */s/ Mathew L. Harrington*

Mathew L. Harrington, WSBA #33276
1420 Fifth Avenue, Suite 3000
Seattle, WA  98101
Phone: (206) 626-6000
Fax: (206) 464-1496
Email: Mathew.harrington@stokeslaw.com

*Attorneys for Defendant Waldun Forest
Products Ltd.*

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

| | |
|---|---|
| Fred T. Isquith<br>Thomas H. Burt<br>Randall S. Newman<br>Veronica M. Bosco<br>WOLF HALDENSTEIN<br>ADLER FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, NY 10016<br>Tel: 212-545-4600<br>Fax: 212-686-0114<br>Email: isquith@whafh.com<br>　　　burt@whafh.com<br>　　　newman@whafh.com<br>　　　bosco@whafh.com<br><br><br>*Attorneys for Plaintiffs Jack L. Liebo and ZRD Group, LLC and the Proposed End User IPP Class* | **YARMUTH LLP**<br><br><br>By:　　*/s/ Molly A. Terwilliger*　　<br>Molly A. Terwilliger, WSBA No. 28449<br>Elizabeth S. Weinstein, WSBA No. 45763<br>1420 Fifth Avenue, Suite 1400<br>Seattle, WA 98101<br>Phone: 206.516.3800<br>Fax: 206.516.3888<br>Email: mterwilliger@yarmuth.com<br><br>*Attorneys for Anbrook Industries Ltd.*<br><br>**HILLIS CLARK MARTIN & PETERSON**<br><br>By:　*/s/ Laurie Lootens Chyz*　　　　<br><br>Laurie Lootens Chyz, WSBA #14297<br>Jake Ewart, WSBA #38655<br>Jessica C. Kerr, WSBA #49866<br>999 Third Avenue, Suite 4600<br>Seattle, WA 98104<br>Phone: (206) 623-1745<br>laurie.chyz@hcmp.com<br>jake.ewart@hcmp.com<br>jessica.kerr@hcmp.com<br><br>*Attorneys for G&R Cedar Ltd.* |

LAW OFFICES OF<br>McNaul Ebel Nawrot & Helgren pllc<br>600 University Street, Suite 2700<br>Seattle, Washington 98101-3143<br>(206) 467-1816

CLASS ACTION JOINT STATUS REPORT<br>AND DISCOVERY PLAN (2:19-cv-00451-MJP)  - 23